IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON JAMES PIERCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-888-NJR |
| ) | |
| ) | |
| C/O YOUNGMAN and IDOC – EXCORT ) | |
| TEAM, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Aaron James Pierce, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Pierce seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

Here, the Complaint must be dismissed for failure to state a claim upon which relief may be granted. Pierce's Complaint alleges that on August 14, 2020, he was sprayed with mace, punched, called a racial slur, and pushed around the shower. Unfortunately, however, he fails to tie anyone to these actions. He identifies C/O Youngman in the caption of his Complaint, but he

1

fails to allege that Youngman participated in the alleged attack in the statement of his claim. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Thus, Pierce must associate his allegations with a specific defendant, but he fails to do so in his Complaint.

Pierce also states that he is suing "excort (escort) team," but then states that they merely escorted him. He also fails to include them in either the caption of the case or the statement of the claim. *See* Fed. R. Civ. P. 10(a) (title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption" to be considered a party). Further, he has identified a group of individuals rather than an individual defendant which is improper.[1] To state a Section 1983 claim against an individual or entity, Pierce must specifically identify them, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Thus, Pierce fails to state a claim against any defendant.

A successful Complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Thus, if Pierce wants to pursue his claims, he must file an amended complaint. The amended complaint should identify who violated Pierce's constitutional rights by name, if known, and it should include a description of how his rights were violated. He must include the identity of the individuals who allegedly used excessive force on him on August 14, 2020. If Pierce does not know the names of these individuals, he can

---

[1] Group defendants create problems with service of process. *See Jenkins v. Wisconsin Res. Ctr.*, No. 09-CV-323-BBC, 2009 WL 1797849, at *1 (W.D. Wis. June 24, 2009) (a group of people cannot be sued; each defendant must be an individual or legal entity that may accept service of a complaint) (citing Fed. R. Civ. P. 4(e)-(j)).

refer to them by Doe designation (e.g., John Doe 1 (correctional officer working the noon shift)). Additionally, any individual Pierce intends to sue should be identified as a defendant in the case caption and should be referenced in the body of the amended complaint.

### Pending Motions

As to Pierce's motion for counsel (Doc. 11), it appears that he has written a number of attorneys. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, the Court finds Pierce capable of submitting an Amended Complaint on his own. Thus, his motion for counsel (Doc. 11) is **DENIED** without prejudice. Pierce may renew his request for the recruitment of counsel at a later date.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Pierce is **GRANTED** leave to file a "First Amended Complaint" on or before **December 15, 2020**. Should Pierce fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Pierce must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Pierce is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Pierce elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Pierce is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  11/17/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**