**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| AARON JAMES PIERCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-888-NJR |
| | ) |
| | ) |
| C/O YOUNGMEN and IDOC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Aaron James Pierce, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. §1983 for deprivations of his constitutional rights while at Pinckneyville Correctional Center ("Pinckneyville"). In his Amended Complaint (Doc. 22), Pierce alleges C/O Youngmen used excessive force against him in violation of the Eighth Amendment. Pierce seeks monetary damages.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Pierce makes the following allegations in the Amended Complaint (Doc. 22): On August 14, 2020, Pierce was placed in the shower because he was fearful and wanted to harm himself (*Id*. at p. 6). He asked for a crisis team but no one ever showed. He tied an object around his neck because the officers in the shower thought he was playing them. The officers then attacked him, beating him and spraying him with mace (*Id*.). C/O Youngmen had previously threatened Pierce and he punched and kicked Pierce. Youngmen said that he did not like Pierce's mouth and that Pierce made him complete unnecessary paperwork. Pierce's finger was injured in the assault.

## Preliminary Dismissals

Pierce names IDOC as a defendant, but he cannot maintain his suit against IDOC because it is a state agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 788 (7th Cir.1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.,* 931 F.2d 425, 427 (7th Cir.1991) (same); *Santiago v. Lane,* 894 F.2d 219, 220 n. 3 (7th Cir.1990) (same). Based on this authority, IDOC is not a "person" within the meaning of the Civil Rights Act and shall be dismissed from this action. *See Will,* 491 U.S. at 71. IDOC is **DISMISSED with prejudice**.

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to designate a single Count in this *pro se* action:

> **Count 1:** Eighth Amendment excessive force claim against C/O Youngmen for the August 14, 2020 shower attack on Pierce.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, Pierce states a viable claim for excessive force against C/O Youngmen. *See DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

## Pending Motions

As to Pierce's motions for counsel (Docs. 21 and 24), he states that he has written several attorneys. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because the defendants have not yet been served and a discovery schedule has not been entered. Thus, Pierce's motions for counsel (Docs. 21 and 24) are **DENIED** without prejudice. He may renew his request for the recruitment of counsel at a later date.

## Disposition

For the reasons stated, Count 1 shall proceed against C/O Youngmen. IDOC is **DISMISSED with prejudice**.

The Clerk of Court shall prepare for Defendant C/O Youngman: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").
[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Pierce. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Pierce, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Pierce, and the judgment includes the payment of costs under Section 1915, Pierce will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Pierce is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/14/2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your amended complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**